# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between, on the one hand, XAVIER CALLE MENDEZ ("Plaintiff"), and, on the other hand, STUART THOMAS PROPERTY MANAGEMENT, LLC and STUART THOMAS ("Defendants") (collectively with Plaintiff, the "Parties").

**WHEREAS**, on or about March 30, 2020, Plaintiff initiated legal action against Defendants in the United States District Court for the Eastern District of New York, entitled *Calle Mendez v. Stuart Thomas Property Management, LLC, et al.*, 20-CV-1611 (JMA)(ARL) (the "Action"), in which Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); and,

**WHEREAS**, in the Complaint, Plaintiff has alleged, among other things, that Defendants failed to pay him overtime wages due in connection with services that he performed on Defendants' behalf, and failed to provide him with accurate wage statements; and,

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiff and the Court has not made any findings with respect to the merits of any of the claims asserted in the Complaint, or otherwise; and,

**WHEREAS**, the Parties desire to resolve all disagreements between them, including those asserted in the Complaint, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Consideration:** The Parties are entering into this Agreement in exchange for good and valuable consideration. Plaintiff agrees that he will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 below, in relation to the released claims in Paragraph 4 below. In addition, Plaintiff agrees that the amount being paid to him represents all alleged unpaid overtime and other alleged damages relating to his FLSA and NYLL claims from the commencement of his employment with Defendants to the present, including interest, monetary penalties, liquidated damages, and attorneys' fees and costs.

2. **Settlement Amount and Payment:** As a full settlement and final satisfaction of the FLSA and the NYLL claims that Plaintiff has, had, or may have against Defendants, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the limited release set forth in Paragraph 4 below, Defendants agree to pay Plaintiff the total sum of Twenty-Seven-Thousand Five-Hundred Dollars and Zero Cents ($27,500.00) ("Settlement Amount") as follows:

    a. On or before July 1, 2021, Defendants shall make a payment to Plaintiff totaling Twelve-Thousand Five-Hundred Dollars and Zero Cents ($12,500.00) as follows:

1

i.      a check made payable to "XAVIER CALLE MENDEZ" in the amount of Seven-Thousand Four-Hundred Eight Dollars and Thirty-Three Cents ($7,408.33), representing payment of alleged unpaid wages, liquidated damages, punitive damages, and statutory interest. The Parties agree that Defendants shall report such amount as income to Plaintiff on an IRS Form 1099 with box #3 checked;

ii.     a check made payable to "NEIL H. GREENBERG & ASSOCIATES, P.C." in the amount of Five-Thousand Ninety-One Dollars and Sixty-Seven Cents ($5,091.67), representing attorneys' fees and disbursements, to be reflected on an IRS Form 1099.

b.     Beginning on August 1, 2021 and continuing for an additional seven (7) consecutive months thereafter, on the first day of each such month, Defendants shall make monthly payments to Plaintiff, each payment totaling One-Thousand Eight-Hundred Seventy-Five Dollars and Zero Cents ($1,875.00), for a total of eight (8) such payments totaling Fifteen-Thousand Dollars and Zero Cents ($15,000.00). Each such payment shall be made as follows:

i.      a check made payable to "XAVIER CALLE MENDEZ" in the amount of One-Thousand Two-Hundred Fifty Dollars and Zero Cents ($1,250.00), representing payment of alleged unpaid wages, liquidated damages, punitive damages, and statutory interest. The Parties agree that Defendants shall report such amount as income to Plaintiff on an IRS Form 1099 with box #3 checked;

ii.     a check made payable to "NEIL H. GREENBERG & ASSOCIATES, P.C." in the amount of Six-Hundred Twenty-Five Dollars and Zero Cents ($625.00), representing attorneys' fees and disbursements, to be reflected on an IRS Form 1099.

c.     For the avoidance of doubt, of the amounts represented in Sub-Paragraphs (a) and (b) above, Plaintiff shall receive a total of Seventeen-Thousand Four-Hundred Eight Dollars and Thirty-Three Cents ($17,408.33), and Neil H. Greenberg & Associates, P.C. shall receive Ten-Thousand Ninety-One Dollars and Sixty-Seven Cents ($10,091.67).

d.     The payments set forth in this Paragraph shall be delivered to Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, New York 11758.

e.     In the event any payments become due prior to the District Court judicially approving this Agreement, Defendants' counsel shall hold such payments in escrow. Upon the District Court judicially approving this Agreement, Defendants' counsel shall cause all payments held in escrow to be delivered pursuant to Paragraph 2(d) within five (5) days.

f.     Plaintiff agrees and affirms that the Settlement Amount described in this Paragraph shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel, and is inclusive of any claim for attorneys' fees, costs, interest, and/or other expenses. Except as provided in this Agreement, no other payments are owed to Plaintiff relating to his FLSA and NYLL claims.

3. **Failure to Make Timely Payment:**

    a. If Defendants fail to timely pay the Settlement Amount as set forth in Paragraph 2 above ("Default"), the Settlement Amount will automatically increase by one-hundred fifty percent (150%) to Forty-One-Thousand Two-Hundred Fifty Dollars and Zero Cents ($41,250.00), less any payments made to date, and become due immediately, subject to the Notice of Default and Cure Period discussed in Paragraph 3(d) below.

    b. In the event of such a Default, Plaintiff will be entitled to enter a Judgment by Confession against Defendants, jointly and severally, in the amount of Forty-One-Thousand Two-Hundred Fifty Dollars and Zero Cents ($41,250.00), less any payments made to date, subject to the Notice of Default and Cure Period discussed in Paragraph 3(d) below.

    c. Defendant Stuart Thomas shall execute an Affidavit of Judgment by Confession in the form annexed hereto on behalf of himself, as well as on behalf of Defendant Stuart Thomas Property Management, LLC. The Affidavit of Judgment by Confession shall be held in escrow by Plaintiff's legal counsel, Neil H. Greenberg & Associates, P.C., and the original and any photocopies/duplicates of same shall be returned to Defendants' legal counsel or destroyed upon the completion of the payments by Defendants as set forth above.

    d. Prior to the automatic increase pursuant to Paragraph 3(a) above and prior to entering any Judgment by Confession pursuant to Paragraph 3(b) above, Plaintiff shall serve a written Notice of Default on Defendants, and Defendants shall have fourteen (14) days from the service of the Notice of Default (the "Cure Period") to cure any such default of payment. The Notice of Default shall be served on Defendants through their legal counsel of record via USPS First-Class Mail & electronic mail. Plaintiff shall not be entitled to file the Affidavit of Judgment by Confession if Defendants cure the default within said fourteen-day period.

4. **Release of All Fair Labor Standards Act and New York Labor Law Related Claims:** Plaintiff understands and agrees that the Settlement Amount is in full satisfaction of any and all obligations Defendants may have with respect to Plaintiff's claims for alleged unpaid overtime wages, liquidated damages, statutory penalties, interest, and attorneys' fees and disbursements under the wage and hour provisions of the NYLL, the FLSA, and any other applicable wage and hour payment laws, rules, or regulations for anything that has occurred up to the date Plaintiff executes this Agreement. Plaintiff hereby completely releases all wage and hour claims against Defendants and releases and forever discharges Defendants with prejudice to the fullest extent permitted by law from all actions, claims, and/or causes of action which Plaintiff, Plaintiff's heirs, executors, administrators, successors and/or assigns may now have or hereafter can, shall, or may have against Defendants from the beginning of time up to and including the day of the date of this Agreement for any alleged violation of the FLSA, 29 U.S.C. § 201 *et seq.*, the NYLL, and their respective governing regulations.

5. **Third-Party Beneficiary:** Defendants agree and acknowledge that Neil H. Greenberg & Associates, P.C. is an Intended Third-Party Beneficiary of this Agreement and is entitled to the rights and benefits of that portion of the Settlement Amount allocated to Neil H. Greenberg & Associates, P.C. in Paragraph 2 above, and may enforce the provisions of this Agreement as if it were a party hereto. If Defendants breach Paragraph 2 above as it pertains to

that portion of the Settlement Amount allocated to Neil H. Greenberg & Associates, P.C., as determined by a Court of competent jurisdiction, Neil H. Greenberg & Associates, P.C. will be entitled to seek that portion of the Settlement Amount allocated to it as described therein and shall be entitled to reasonable attorneys' fees and costs incurred in enforcing its rights under this Agreement, provided that Neil H. Greenberg & Associates, P.C. is a prevailing party.

6. **Covenant Not to Sue:** Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement. If Plaintiff breaches this Paragraph, as determined by a Court of competent jurisdiction, Defendants will be entitled to seek recovery of their costs, including reasonable attorneys' fees, relating to Defendants' enforcement of this Agreement and/or defense of such claims, provided that Defendants are a prevailing party.

7. **Filing of Stipulation of Dismissal with Prejudice:** Upon execution of this Agreement, the Parties agree to immediately execute a Stipulation of Dismissal with Prejudice, which will be filed with the Court along with the Parties' Motion for Settlement Approval.

8. **Taxes:** On or about January 31, 2022, and again on or about January 31, 2023, Plaintiff shall receive from Defendants and Defendants shall file with the Internal Revenue Service an IRS Form 1099 for the Settlement Amount reflecting payment to Plaintiff of that portion of the Settlement Amount which was received by him in the prior calendar year. Plaintiff expressly acknowledges and agrees that he is responsible for the payment of all federal, state, and local taxes, if any, that is required by law to be paid by him with respect to the Settlement Amount in Paragraph 2 above. Plaintiff acknowledges and assumes all respective responsibility for paying those amounts, if any, except for Defendants' portion of FICA and/or FUTA, if any. Plaintiff acknowledges that he has not received any tax advice, other than to seek advice from a tax professional, from any party or attorney appearing in this Action.

9. **No Admission of Liability:** Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiff has asserted, could have asserted, or may assert in connection with Plaintiff's employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10. **No Pending Claims:** Plaintiff hereby represents that other than the Complaint, he has no pending actions (either jointly or individually), administrative charges or complaints, grievances, or arbitrations involving the released claims against any of the parties with any federal, state or local administrative agency, judicial tribunal, arbitration tribunal, or otherwise.

11. **Choice of Law and Forum:** This Agreement shall in all respects be interpreted, enforced, and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim, or cause of action arising out of, or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in Suffolk County, New York or the United States District Court for the Eastern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute, or disagreement, and

the Parties consent to the personal jurisdiction of those courts. The parties expressly waive the right to a jury trial in any dispute, claim, or cause of action arising out of, or related to, this Agreement.

12. **Entire Agreement:** Plaintiff acknowledges and agrees that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes and replaces any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to him other than those contained in this Agreement.

13. **Severability:** The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

14. **Modification:** This Agreement may not be changed, waived, or supplemented unless such change, waiver, or supplementation is in writing and signed by the Parties.

15. **Assignment of Claims:** Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action, or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

16. **Waiver and Fair Meaning:** No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. The failure of any Party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

17. **Counterparts:** This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall constitute one and the same documents. A copy of the Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

18. **Headings:** The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

19. **Facsimile or Email:** A facsimile or email copy of this Agreement will have the same force and effect as the original.

20. **Electronic Signatures:** The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand, and the parties hereby waive any objection to the contrary.

21. **Authority to Execute Agreement:** The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and/or

entities for which or for whom they have signed, and that they are acting within the scope of their authority.

## NOTICE

THIS AGREEMENT CONTAINS A WAIVER OF CLAIMS BROUGHT PURSUANT TO THE FAIR LABOR STANDARDS ACT. READ THIS ENTIRE DOCUMENT CAREFULLY AND DO NOT SIGN UNLESS YOU DO SO VOLUNTARILY. YOU SHOULD CONSULT WITH YOUR ATTORNEY BEFORE SIGNING.

PLAINTIFF ACKNOWLEDGES AND AGREES THAT THIS AGREEMENT HAS BEEN READ TO HIM IN SPANISH, HE UNDERSTANDS IT, AND HE IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.

**AGREED:**

_____  Dated: 6/14/2021
**XAVIER CALLE MENDEZ**

_____  Dated: 6/2/2021
**STUART THOMAS PROPERTY MANAGEMENT, LLC**
By: Stuart Thomas

_____  Dated: 6/2/2021
**STUART THOMAS**

6

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
XAVIER CALLE MENDEZ,                                            20-CV-1611 (JMA)(ARL)

                Plaintiff,                   **AFFIDAVIT FOR JUDGMENT BY**
                                                                            **CONFESSION**

   -against-

STUART THOMAS PROPERTY MANAGEMENT, LLC and
STUART THOMAS,

                Defendants.
-----------------------------------------------------------X

STUART THOMAS, being duly sworn, deposes and says:

    1.    I am a resident of the County of _____, State of New York.

    2.    I am the Individual Defendant named in the above-captioned action (the "Action").

    3.    I am a principal and authorized agent of the Corporate Defendant, STUART THOMAS PROPERTY MANAGEMENT, LLC (the "Corporate Defendant"), named in the Action.

    4.    I am duly authorized to make this affidavit in support of the application of Plaintiff, XAVIER CALLE MENDEZ ("Plaintiff"), for the entry of a Judgment by Confession against me, individually, and the Corporate Defendant named in the Action.

    5.    I hereby authorize the entry of Judgment by Confession to be entered with the clerk of any court of competent jurisdiction located in the county indicated in Paragraph 1 above.

    6.    I hereby confess judgment in favor of Plaintiff and against Defendants for the sum of Forty-One-Thousand Two-Hundred Fifty Dollars and Zero Cents ($41,250.00), less any payments made to date, pursuant to the Settlement Agreement entered into between the parties in the Action, and hereby authorize Plaintiff, his heirs, executors, administrators, or assigns to enter

judgment for that sum against STUART THOMAS PROPERTY MANAGEMENT, LLC and STUART THOMAS, jointly and severally.

7. This Judgment by Confession is for a debt justly due to Plaintiff arising out of the following facts:

    a. In or about May 2021, Defendants in the Action agreed to pay Plaintiff the total sum of Twenty-Seven-Thousand Five-Hundred Dollars and Zero Cents ($27,500.00) (the "Settlement Amount") in exchange for the dismissal of the Action, with prejudice, and the Parties thereto executed a Settlement Agreement and Release (the "Agreement"), copies of which are attached hereto as **Exhibit A**;

    b. The Parties also agreed that in the event that Defendants failed to adhere to the payment schedule required in Paragraph 2 of the Agreement, Plaintiff would be entitled to enter a Judgment by Confession against Defendants, jointly and severally, in the amount of Forty-One-Thousand Two-Hundred Fifty Dollars and Zero Cents ($41,250.00), less any payments made to date, as defined in the Agreement;

    c. Under the terms of the Agreement, Defendant Stuart Thomas agreed to execute the instant Affidavit for Judgment by Confession on behalf of himself and the Corporate Defendant, to be held in escrow by Plaintiff's attorneys, Neil H. Greenberg & Associates, P.C.;

    d. Plaintiff agreed that prior to entering any Judgment by Confession, Plaintiff would serve a written Notice of Default on Defendants' counsel of record via first-class mail & electronic mail.

    e. Plaintiff further agreed that such Notice of Default would provide Defendants fourteen (14) days to cure any such default and that Plaintiff will not be entitled to file the Affidavit of Judgment by Confession if Defendants cure the Default within said fourteen-day period.

8. In the event of such a Default and subsequent entry of Judgment by Confession, in addition to the confessed amount described in Paragraph 6, Defendants agree to pay and be indebted to Plaintiff for reasonable attorneys' fees and costs incurred in entering and enforcing the Judgment and interest on the Judgment.

2

9. This Affidavit for Judgment by Confession is not for the purpose of securing the plaintiff against a contingent liability nor is it based upon a consumer credit transaction.

Dated: _____, New York
_____, 2021

_____
STUART THOMAS, Individually, and on behalf of STUART THOMAS PROPERTY MANAGEMENT, LLC

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _____   )

On _____, 2021, before me personally came STUART THOMAS, to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

3